STATE, EX REL. CHARLES M. MURDOCK, APPELLANT, V. JACOB A. REULING ET AL., APPELLEES.

FILED OCTOBER 17, 1913.   No. 18,095.

Mandamus: INTOXICATING LIQUORS: LICENSE.   Where it clearly appears that an attempted appeal by a remonstrant from the granting of a saloon license by the mayor and council of a city is without merit, and is not being prosecuted in good faith nor with reasonable diligence, and, after a lapse of three days from the granting of such license, remonstrant having taken no affirmative action to perfect such appeal, the council orders the license to issue, mandamus will not lie to compel the council to reconvene and recall the same.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE.   *Affirmed.*

*E. O. Kretsinger, Ernest L. Kretsinger* and *C. M. Murdock,* for appellant.

*A. D. McCandless* and *F. E. Crawford,* contra.

FAWCETT, J.

This action was instituted by relator in the district court for Gage county, to compel the mayor and city council of the city of Wymore to meet in special or regular session and revoke a saloon license which had been issued to one Daniel O'Donnell. From a judgment denying the writ and dismissing relator's action, relator appeals.

The record shows that in March of the present year O'Donnell and three others applied to the city council of the city of Wymore for saloon licenses. On April 18 the relator filed a remonstrance against all four of the applicants. Upon final hearing the city council, at about the hour of midnight of April 28, overruled the remonstrance and granted a license to each applicant. The relator, who was present at the meeting, tendered a written notice of his intention to appeal and demanded a transcript of the pleadings and evidence. At the commencement of the hearing it was stipulated by the applicants and remonstrator "that the evidence taken upon this hearing shall be taken in shorthand by Ernest J. Kopecky, and by him reduced to longhand in transcript form on demand by the parties in case of appeal to the district court, and his certificate as to the correctness of that evidence to have full faith and credit in the said court." In accordance with remonstrator's demand, Kopecky was ordered to immediately extend his notes, which he promptly did, and had the same ready for delivery at an early hour on the morning of April 30, at which time he delivered it to the city clerk, who filed it at 7 A. M. that morning. There is a conflict in the testimony as to what transpired with reference to this transcript of the evidence during the next three or four days. There is, however, a clear preponderance to the effect that relator knew that the transcript had been delivered by Kopecky to the clerk, within an hour after it had been so delivered; that it remained in the clerk's office all of that day except for about an hour and a half, when Mr. McCandless, attorney for O'Donnell,

had the transcript out for the purpose of having Mr. Kopecky attach his certificate thereto; that it also remained in the clerk's office all of the next day, May 1; that relator made no request of the city clerk for an inspection of the transcript; that on the morning of May 2 the city clerk took the record to Beatrice and in person delivered it to the clerk of the district court; that in the evening of May 1 counsel for O'Donnell called upon relator and told him that he was going to Beatrice next morning and would be prepared to try the appeal at that time. The interview does not appear to have been a very friendly one, and the attorney, after accusing relator of not acting in good faith with him, departed. On the morning of the 2d counsel for O'Donnell appeared at the district court, and there also appeared present counsel for relator, who stated that he had just received a long-distance telephone from relator, asking him to look into the matter, but stated, in effect, that he had not yet been formally retained. He testified on the present hearing that the transcripts were lying on the clerk's desk, and, upon inquiry by him of the clerk as to whether or not they had been filed, he was informed that they had not; that he then asked counsel for O'Donnell why he did not file them, and was told that the relator had to file them; that, upon inquiry of the clerk, it was learned that the transcripts in two cases were there, being the case of O'Donnell and the case of one Walsh, and that the filing fee for the two cases would be .$7; that he then called up relator by long-distance telephone and advised him as to the situation; that relator stated that he could not be in Beatrice that day; that he had never had the privilege of seeing the transcript; that counsel for O'Donnell had it in his possession; that relator promised to send the filing fees that day or bring the amount up next morning. Nothing was done about filing the transcript with the clerk of the district court that day, and in the evening the city council at a special meeting, called for that purpose, ordered the licenses to issue. On the next day, May 3,

relator, who had already withdrawn his objection to the granting of licenses to all of the applicants except O'Donnell and Walsh, formally withdrew his remonstrance and appeal as to the latter. He appeared at the office of the clerk of the district court on that day and asked for the transcript, stating that he wanted to take it to the office of his counsel for examination. The clerk at first declined to let him take the record out of the office, but, after consultation with the presiding judge, he was permitted to do so. The record was taken by him to the office of his counsel and retained until about the middle of the afternoon, when it was returned to the clerk. During the afternoon of that day a demand was made upon the mayor to convene the council and recall the license that had been issued to O'Donnell, which the mayor declined to do. The transcript, which the city clerk deposited with the clerk of the district court, was certified to by Mr. Kopecky, in accordance with the stipulation, but did not bear the certificate of the mayor or city clerk, nor did the record contain the copy of the remonstrance which had been filed by the relator. On the strength of this, it is contended by relator, in effect, that his appeal had not been perfected by reason of the failure of the city clerk to transmit to the clerk of the district court a proper transcript.

With matters standing thus, relator on May 5 commenced the present action. On May 7 a corrected transcript was filed with the clerk of the district court. This transcript contained the remonstrance and was duly certified to by the city clerk. Upon a hearing of this case May 9, the district court found that the appeal of the remonstrator from the action of the city council was not in good faith; that reasonable diligence had not been used by him in taking or attempting to take such appeal; and that the city council was justified in believing that said appeal would not be perfected and in issuing the license to O'Donnell on May 2. In addition to what has been said

above, there was evidence before the court which, if the learned district judge believed, was sufficient to show that the remonstrance in the first instance was not filed in good faith by relator. The evidence to which we refer was that the hearing of the application had been set down for an earlier date than April 28; that in conversation with counsel for the applicant the relator stated in effect that he had learned that the council was going to limit the number of licenses to four; that what he desired was to make the saloon business as odious as possible in Wymore, and he therefore wanted licenses issued to a number of saloons; that if they would issue licenses to all of the applicants, of which it was then supposed there would be five or six, he would not file any remonstrance. When the hearing was had, relator made out quite a strong case against the applicant Walsh, but the transcript of the evidence before the council, which has been preserved in the record before us, shows that he utterly failed to make out a case which would justify the council in refusing a license to O'Donnell. After the hearing, and after putting the city to the expense of getting out four transcripts, he first withdrew his appeal as to the applicants Pisar and Frederick, and later withdrew it as to Walsh, the only one of the applicants against whom he could, with any hope of success, have prosecuted an appeal, and allowed the transcript as to O'Donnell to remain in the office of the city clerk for two days and in the office of the clerk of the district court for one full day, without taking any affirmative action to have the appeal docketed. Counsel for O'Donnell, knowing that an appeal as to O'Donnell would be without merit, and learning that the appeal as to Walsh had been abandoned, concluded that all had been abandoned, and demanded that the license issue to his client.

The above is a fair statement of the record that was before the district court at the time he made the findings above set out and dismissed relator's action. The action

of the court in so doing was fully justified by the record. The judgment is therefore

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.